# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Kenneth E. Johns, Jr., Respondent.

Appellate Case No. 2016-001996

---

Opinion No. 27677
Submitted October 26, 2016 – Filed November 16, 2016

---

## DEFINITE SUSPENSION

---

Joseph P. Turner, Jr., Senior Assistant Disciplinary
Counsel, of Columbia, for Office of Disciplinary
Counsel.

John S. Nichols, of Bluestein Nichols Thompson &
Delgado, LLC, of Columbia, for respondent.

---

**PER CURIAM:**   In this judicial disciplinary matter, respondent and the Office of
Disciplinary Counsel have entered into an Agreement for Discipline by Consent
pursuant to Rule 21of the Rules for Judicial Disciplinary Enforcement contained in
Rule 502 of the South Carolina Appellate Court Rules (SCACR).  In the
Agreement, respondent admits misconduct and consents to the issuance of a public
reprimand or a suspension of up to six (6) months.  Respondent requests that any
suspension be imposed retroactively to April 12, 2016, the date of his interim
suspension.  We accept the Agreement and suspend respondent from office for six
(6) months, retroactive to the date of respondent's interim suspension.  The facts, as
set forth in the Agreement, are as follows.

## Facts

An estate was opened in Oconee County for the estate of Z.H.  Z.H.'s parents had
filed a wrongful death suit on behalf of the estate against the Seneca Police

Department.  The case was settled with the family for the sum of $2,150,000.  Due to the public nature of the case, the settlement received extensive press coverage.

Despite the matter being before the probate court for administration of the estate, respondent expressed his opinion about the settlement on Facebook posting:  "In the end it's all about the money.  Always.  Unfortunately, I see it EVERYDAY."  Respondent later added:  "Once ck is in hand, they'll disappear."

A review of respondent's Facebook account revealed that he has made extensive political posts, including ones in which he appears to endorse the presidential candidacy of one candidate.  A review of respondent's Facebook account further revealed a post in which he engaged in fundraising for a local church.  Respondent's Facebook account identifies himself as the probate court judge for Oconee County and the account, along with all of respondent's posts, were accessible to all members of Facebook.

Respondent greatly regrets his conduct with regard to the estate of Z.H. matter and is sorry for any distress that it may have caused Z.H.'s family.  Respondent recognizes that, while he did not mention the estate of Z.H. by name on Facebook, it was inappropriate for him to make the statements as it would be clear in the community to what he was referring.  Respondent also recognizes that it was inappropriate for him to make political posts and to post information about a fundraiser for a local church.

Respondent has now removed reference to himself as a judge on his Facebook page.  He submits that he is deeply embarrassed about the matter and seeks to assure the Court that, in the future, he will not make reference to anything involving his court and will refrain from making political posts or posting fundraising information on Facebook or any other social media.  Respondent is extremely proud of the Oconee County Probate Court and wants to assure the Supreme Court that he will do nothing further that could damage the reputation of the probate court.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR:  Canon 1 (judge shall uphold integrity and independence of judiciary); Section 1A of Canon 1 (judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that integrity and independence of

judiciary will be preserved); Canon 2 (judge shall avoid impropriety and appearance of impropriety in all judge's activities); Section 2A of Canon 2 (judge shall respect and comply with the law and shall act at all times in manner that promotes public confidence in integrity and impartiality of judiciary); Section A(1) of Canon 4 (judge shall conduct all of judge's extra-judicial activities so that they do not cast reasonable doubt on the judge's capacity to act impartially as judge); Section A(2) of Canon 4 (judge shall conduct all of judge's extra-judicial activities so that they do not demean the judicial office); Section C(3)(b)(i) of Canon 4 (judge shall not personally participate in the solicitation of funds or other fundraising activities); and Section A(1)(b) of Canon 5 (judge shall not publicly endorse candidate for election to public office).

Respondent also admits he has violated the following Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR:  Rules 7(a)(1) (it shall be ground for discipline for judge to violate Code of Judicial Conduct) and Rule 7(a)(9) (it shall be ground for sanction for judge to violate Judge's Oath of Office contained in Rule 502.1, SCACR).

## Conclusion

We find respondent's misconduct warrants a six (6) month suspension from judicial duties, retroactive to April 12, 2016, the date of his interim suspension.  We therefore accept the Agreement for Discipline by Consent and suspend respondent from office for six (6) months.

**DEFINITE SUSPENSION.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**