# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Kenneth E. Johns, Jr., Respondent.

Appellate Case No. 2021-000994

Opinion No. 28064
Submitted October 1, 2021 – Filed October 13, 2021

### DEFINITE SUSPENSION

Disciplinary Counsel John S. Nichols and Deputy Disciplinary Counsel Carey Taylor Markel, both of Columbia, for the Office of Disciplinary Counsel.

Larry C. Brandt, Esquire, of Walhalla, for Respondent.

**PER CURIAM:**   In this judicial disciplinary matter, Respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Judicial Disciplinary Enforcement (RJDE) contained in Rule 502 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents to a range of sanctions from a public reprimand to an eighteen-month definite suspension.  We accept the Agreement and suspend Respondent from office for eighteen months.  The facts, as set forth in the Agreement, are as follows.

### I.

### Matter A

In September 2018, Respondent posted the following on his Facebook page:  "For my birthday this year, I'm asking for donations to American Red Cross.  I've chosen this nonprofit because of food, water, and much more provided for those

affected by Hurricane Florence in NC & SC." In the introduction of Respondent's Facebook page, Respondent identified himself as a Probate Judge and stated that he managed the Oconee County Probate Court. Respondent admits that his conduct violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 2(B) (prohibiting the use of the prestige of judicial office to advance interests of the judge or others); and Canon 4(C)(3)(b)(iv) (prohibiting a judge from personally participating in the solicitation of funds or other fundraising activities).

## Matter B

On October 18, 2017, Respondent prepared a certification for submission in litigation pending in the Superior Court of New Jersey. In the certification, Respondent personally attested to the character of a South Carolina resident stating, "[i]ncidentally, [Mr. S.] has a reputation for truth, honesty, reliability and trustworthiness, and the court even waived bond because of this and its trust of [Mr. S.]." Respondent further attested in the certification, "I am aware of the fact that there is a claim in New Jersey that [Mr. S.] has made fraudulent conveyances of his mother's money. THIS IS A COMPLETE AND UNADULTERATED LIE, AND COMPLETELY UNTRUE. There is NO VALIDITY TO THAT STATEMENT AT ALL." (emphasis in original).

Throughout the certification, Respondent advocated on behalf of Mr. S. and Mr. S.'s legal position in the New Jersey litigation. Respondent signed the certification and confirmed that the statements in the certification were true and that if any of the statements were willfully false that he was "subject to punishment." Respondent acknowledges he offered the certification voluntarily on behalf of Mr. S. as a character witness. Respondent admits that his conduct violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (requiring a judge to uphold integrity and independence of the judiciary); Canon 2 (requiring a judge to avoid impropriety and the appearance of impropriety); and Canon 2(B) (prohibiting a judge from testifying voluntarily as a character witness).

## II.

Respondent admits his misconduct in the above matters constitutes grounds for discipline under Rule 7(a)(1), RJDE, Rule 502, SCACR (providing a violation of

the Code of Judicial Conduct shall be a ground for discipline).[1]  Respondent's disciplinary history includes an interim suspension, *In re Johns*, 415 S.C. 615, 785 S.E.2d 193 (2016), and subsequent six-month definite suspension.  *In re Johns*, 418 S.C. 364, 793 S.E.2d 296 (2016) (retroactively imposing a six-month definite suspension following Respondent's social media posts commenting on a matter pending before the court, endorsing a presidential candidate, and fundraising for a local church).

The Court's prior opinion sanctioning Respondent included the following:

> Respondent has now removed reference to himself as a judge on his Facebook page.  He submits that he is deeply embarrassed about the matter and seeks to assure the Court that, in the future, he will not make reference to anything involving his court and will refrain from making political posts or posting fundraising information on Facebook or any other social media.  Respondent is extremely proud of the Oconee County Probate Court and wants to assure the Supreme Court that he will do nothing further that could damage the reputation of the probate court.

*Id*. 418 S.C. at 366–367, 793 S.E.2d at 297.

Despite these assurances, Respondent restored the reference in his Facebook profile identifying himself as a Probate Judge with the Oconee County Probate Court and again used social media for fundraising purposes.

## III.

In light of Respondent's prior misconduct, we find a substantial suspension from judicial duties is appropriate.  We therefore accept the Agreement and suspend Respondent from office for eighteen months.  Within thirty days, Respondent shall

---

[1] Respondent is not licensed to practice law in South Carolina.  However, as an officer of the unified judicial system eligible to perform judicial functions in South Carolina, he is subject to the jurisdiction of the Commission on Judicial Conduct. *See* Rule 2(r), RJDE, Rule 502, SCACR (defining a judge as "anyone, whether or not a lawyer, who is an officer of the unified judicial system, and who is eligible to perform judicial functions"); Rule 3(b)(1), RJDE, Rule 502, SCACR (providing the Commission on Judicial Conduct has "jurisdiction over judges").

pay the costs incurred in the investigation and prosecution of this matter by Disciplinary Counsel and the Commission on Judicial Conduct. As a condition of discipline, Respondent agrees to complete the National Judicial College's online judicial ethics course, "Ethics and Judging: Reaching Higher Ground."

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**